UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK LAMAR CRY,

    Petitioner,

v.

    Case Number 1:10-CV-15100
    HONORABLE THOMAS L. LUDINGTON
    UNITED STATES DISTRICT JUDGE

GREG McQUIGGIN,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Patrick Lamar Cry, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted following a bench trial in the Wayne County Circuit Court of possession with intent to deliver more than 50 (but less than 450) grams of cocaine, Michigan Compiled Laws § 333.7401(2)(a)(iii); and possession of a firearm in the commission of a felony, Michigan Compiled Laws § 750.227b. Petitioner was sentenced to fifty one months to twenty years imprisonment on the possession with intent to deliver cocaine conviction and two years in prison on the felony-firearm conviction. Petitioner alleges that the there was insufficient evidence to convict him. Petitioner's claim is meritless, and the petition will be denied.

**I.**

On June 6, 2006, at approximately 8:00 p.m., Officers Joseph Dabliz and Ryan Conner of the Detroit Police Department were dispatched to an address at 15087 Beaverland on a call involving breaking and entering a vacant house. Trial Tr. 9, 49, October 25, 2006, ECF No. 8-8. As the officers pulled up to the scene, Officer Dabliz recognized the house from previous

narcotics calls. *Id.* at 9–11. A Buick Regal was parked in the driveway with Petitioner, the sole occupant of the vehicle, sitting in the passenger seat with his legs dangling out of the car. Two men were standing outside of the car. *Id.* at 10–11, 49–50. When the officers arrived, the two men who were standing outside of the car nervously looked at the officers and then leaned towards Petitioner. *Id.* at 12. Officer Dabliz testified that he then saw Petitioner twist backwards towards the driver's seat, reaching his right arm over his head toward the driver's side area of the car, where Officer Dabliz lost sight of him. Petitioner was then observed to quickly "pop" back up. *Id.* at 12–13. Although Officer Conner did not observe Petitioner's movements, Officer Dabliz informed him of Petitioner's actions. *Id.* at 51.

Petitioner and the other two men were detained by the police for being on vacant property. Trial Tr. 13, 51, October 25, 2006. When Officer Dabliz inquired whether any of the men had permission to be on the premises, Petitioner informed Officer Dabliz that the house belonged to his uncle, but Petitioner was unable to produce a name or any authorization to be there. Officer Dabliz subsequently ran information about the car that Petitioner had been sitting in and learned that the car was registered to a man named Dwayne Jarrett, who was not present at the scene. Petitioner told Officer Dabliz that the vehicle was owned by a friend, but once again Petitioner could not supply the name of the owner. *Id.* at 14–15.

While Officer Dabliz was attempting to obtain information from the men, Officer Conner searched the vehicle. Officer Conner searched the driver's side first, where he found the keys in the ignition and the control module (which controlled the windows, locks, and rearview mirrors) propped open. This control module was approximately 18 inches long and 6 inches wide. Officer Connor observed the butt of a handgun, a loaded Glock 27, inside the control module.

Officer Connor recovered the handgun and placed it into evidence. This gun was admitted into evidence at Petitioner's trial. Trial Tr. 52–54, October 25, 2006.

Officer Conner also recovered cocaine from the control module. This cocaine was also admitted into evidence at trial. When Officer Conner recovered the cocaine, the cocaine was in several large balls, but had been broken up by the drug laboratory to perform drug tests on it. Officer Conner testified that based on his experience as a police officer, the amount of cocaine that he recovered from the car indicated that it was intended for delivery and sales. Trial Tr. 52, 55, 57–59, October 25, 2006. The parties stipulated that the laboratory analysis confirmed that this substance was cocaine and that it weighed 82.20 grams. *Id.* at 103.

Officer Conner seized $ 1,643 from Petitioner. The money that was recovered from Petitioner was mostly in $20, $10, and $5 denominations, which Officer Conner testified was an indication that the money had been obtained from selling narcotics. Officer Conner testified that no more than $20 was recovered from either of the other two men who were at the scene. Neither man possessed any weapons or narcotics. Trial Tr. 60, 92, October 25, 2006.

A bench trial was held in the Wayne County Circuit Court. Following closing arguments, the trial judge ruled that the prosecution had proven beyond a reasonable doubt that Petitioner had constructively possessed the cocaine and the firearm recovered from the vehicle. Trial Tr. 124–27, October 25, 2006. Petitioner's conviction was affirmed on appeal. *People v. Cry*, No. 283611; 2009 WL 1883947 (Mich. Ct. App. June 30, 2009), *perm. app. denied*, 485 Mich. 977, 774 N.W. 2d 884 (2009) (table).

Petitioner has now filed a petition for writ of habeas corpus, in which he contends that due process requires vacating the convictions because there was legally insufficient evidence that he possessed the gun and cocaine.

**II.**

Habeas cases under 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), are subject to the following deferential standard of review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.' " *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)); *see also Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786–87.

In reviewing a habeas petitioner's claim that the evidence was insufficient to convict him, a federal court is "bound by two layers of deference to groups who might view facts differently than" the court would — the state trial court and the state appellate court. *Brown v. Konteh*, 567 F. 3d 191, 205 (6th Cir. 2009).

First, regarding the state trial court's conclusions, as in all sufficiency of evidence challenges, a court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In doing so, the court does not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute its judgment for that of the jury. *Id.* (citing *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993)). Therefore, even if a federal habeas court might have not convicted the defendant had it been the factfinder in the state court, it must uphold the verdict if any rational trier of fact could have found the defendant guilty after resolving all factual disputes in favor of the prosecution.

Second, regarding the state appellate court's conclusions, even if a federal habeas court concludes that a rational trier of fact could not have found a habeas petitioner guilty beyond a reasonable doubt, on habeas review the court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Brown,* 567 F. 3d at 205; *see also Tucker v. Palmer*, 541 F. 3d 652, 666 (6th Cir. 2008) (citing 28 U.S.C. § 2254(d)(1)). Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the

evidence at trial to exclude every reasonable hypothesis except that of guilt. *See Johnson v. Coyle*, 200 F. 3d 987, 992 (6th Cir. 2000).

### III.

In his sole claim for relief, Petitioner contends that there was insufficient evidence to establish that he possessed the cocaine and the firearm that were recovered from the car by the police. The Michigan Court of Appeals previously rejected Petitioner's claim, writing:

> In this case, the contraband was found inside a car parked outside a known drug house; specifically, it was inside the armrest of the driver's side door. Defendant indicated that he had obtained the car from a friend. Although defendant was with two other men, he was the sole occupant of the car, and he was seated in the front passenger seat facing out the open door. When the officers appeared on the scene, defendant leaned back out of sight while extending his right hand over his head in the direction of the driver's side door, where the contraband was located. The evidence supports a reasonable inference that defendant was either hiding the contraband or trying to close the armrest's control panel, thereby demonstrating knowledge and control of the contraband. Further, defendant was the only person in possession of a large amount of cash in small denominations, which was consistent with drug sales, and which permitted a reasonable inference that defendant also had possession of the drugs in the car. Thus, the evidence was sufficient to permit a reasonable factfinder to conclude that defendant had constructive possession of the handgun and cocaine.

*State v. Cry*, No. 283611, 2009 WL 1883947 at * 1 (Mich. Ct. App. June 30, 2009).

Under Michigan law, to convict a defendant of possession with intent to deliver a controlled substance, the prosecution must prove: (1) that the recovered substance is a narcotic; (2) the weight of the substance; (3) that the defendant was not authorized to possess the substance; and (4) that the defendant knowingly possessed the substance with the intent to deliver it. *See People v. McGhee*, 709 N.W.2d 595, 612 (Mich. Ct. App. 2005). In order to convict a defendant of possession of a controlled substance, a prosecutor must prove that he or she exercised control or had the right to exercise control over the controlled substance. *See McFarland v. Yukins*, 356 F. 3d 688, 708 (6th Cir. 2004) (citing *People v. Konrad*, 536 N.W.2d

517 (Mich. 1995)). A defendant need not have actual physical possession of a controlled substance in order to be guilty of possessing it — possession may be constructive. *People v. Wolfe*, 489 N.W.2d 748, 753 (Mich. 1992). Moreover, constructive possession of a controlled substance can be proven by circumstantial evidence. *See People v. McGhee*, 709 N.W.2d at 621.

The elements of felony-firearm are that the defendant possessed a firearm while committing, or while attempting to commit, a felony offense. *See Parker v. Renico*, 506 F.3d 444, 448 (6th Cir. 2007). Under Michigan law, possession of a firearm can also be either actual or constructive. *Id.* (citing *People v. Hill*, 446 N.W.2d 140, 143 (Mich. 1989)). Under both federal and Michigan law, "a person has constructive possession if there is proximity to the [weapon] together with indicia of control." *Id.* "Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Id.* at 448 n.3 (quoting *Hill*, 446 N.W. at 143). The Sixth Circuit notes that "[c]onstructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Id.* at 449 (quoting *United States v. Craven*, 478 F. 2d 1329, 1333 (6th Cir.1973)), *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563 (1977)).

In the present case, there was sufficient evidence for a rational trier of fact to conclude that the prosecutor had proven beyond a reasonable doubt that Petitioner constructively possessed the cocaine that was recovered from the car that he had been sitting in.

First, as the police approached the vehicle, Officer Dablitz noticed Petitioner make a furtive gesture towards the driver's side of the vehicle, from where the cocaine was later recovered. A rational trier of fact could reasonably infer that Petitioner was seeking to conceal

the cocaine from the approaching officers. *See United States v. McGee*, 529 F.3d 691, 696 (6th Cir. 2008). Second, Petitioner was the sole occupant of the vehicle in which the cocaine was found. The fact that Petitioner was the only person in the car in which a significant amount of cocaine — 82.20 grams — was seized is evidence from which a rational trier of fact could reasonably conclude Petitioner constructively possessed the cocaine. One would not expect another person "to have left [petitioner] alone with such a large and valuable quantity of drugs." *U.S. v. Shull*, 349 Fed. App'x 18, 22 (6th Cir. 2009). Third, when initially questioned by Officer Dablitz, Petitioner informed him that the vehicle that he was sitting in belonged to a friend, but he was unable to give Officer Dablitz a name of this friend. The fact that Petitioner gave misleading information about the ownership of this vehicle could lead to the reasonable inference that Petitioner was aware of the cocaine's presence in the vehicle but was attempting to shift blame to another person. *See e.g.*, *United States v. Palomino*, 100 F.3d 446, 451 (6th Cir. 1996) (finding that defendant knowingly possessed cocaine found in automobile was supported in part by evidence of his control and possession of the automobile and his inconsistent stories about ownership of the automobile). And fourth, the officers recovered a large sum of money from Petitioner in small denominations — $5, $10, and $20 bills. Petitioner's possession of such a large amount of money in small denominations while sitting in a vehicle containing a substantial amount of cocaine and a firearm is further evidence that would support a reasonable inference that he constructively possessed the cocaine. *See United States v. Garcia*, 866 F.2d 147, 152 (6th Cir. 1989).

There was likewise sufficient evidence for a rational trier of fact to conclude that Petitioner constructively possessed the firearm that was recovered from the control module area of the vehicle. First, as mentioned above, Petitioner was observed making a furtive gesture

towards the driver's side of the vehicle. Officer Conner subsequently recovered the firearm from the control module by the driver's side of the vehicle. The fact that Petitioner was the only occupant of the vehicle and the firearm was recovered from the very area where he had been seen making suspicious movements only moments earlier supports an inference that he constructively possessed this firearm. *See United States v. Newsom*, 452 F.3d 593, 609 (6th Cir. 2006) (upholding felon in possession of a firearm conviction where defendant was the only person in the vehicle where the gun was found underneath his seat and defendant appeared as if he was putting something under the seat); *see also United States v. Mosley*, 339 Fed. App'x 568, 572 (6th Cir. 2009) (there was sufficient evidence that defendant possessed firearm, where the defendant was the sole occupant of vehicle containing firearm, as officer approached vehicle, he observed defendant making movements that were consistent with individual who was trying to conceal something, and officer recovered firearm in precise area where he had earlier seen defendant's suspicious movements). Moreover, Officer Conner testified drug dealers often possess firearms to protect their turf. Petitioner, of course, was found in possession of a large sum of money in small denominations while sitting in a vehicle with a large amount of cocaine. Under the circumstances, it was reasonable for the factfinder to infer that Petitioner had a reason to arm himself to protect the cocaine in his possession — indeed, to protect himself. *See United States v. Castano*, 543 F.3d 826, 838 (6th Cir. 2008).

In light of the foregoing, the Michigan Court of Appeals' decision that there was sufficient evidence to maintain a conviction against Petitioner for possession with intent to deliver more than 50 but less than 450 grams of cocaine and felony-firearm under a constructive possession theory was objectively reasonable, thus defeating Petitioner's claim for habeas relief.

*See e.g.*, *Towns v. Jackson*, 287 F. Supp. 2d 749, 758 (E.D. Mich. 2003). Petitioner is not entitled to habeas relief on his claim.

### IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254; *see also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED**.

Dated: October 28, 2011

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Patrick Cry, #587171 at Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 by first class U.S. mail on October 28, 2011.

> s/Tracy A. Jacobs
> TRACY A. JACOBS